DAVID DAVIS, Appellant, *v.* JOHN S. BOWKER, Respondent.

If a plaintiff, in consideration of one hundred dollars paid to him and a promise made by defendant to do certain other things which would be advantageous to him when performed, *agrees* to release a judgment for two hundred dollars, this is not a release or satisfaction of judgment until the promise is performed. But if, on such consideration, the plaintiff execute a technical release *in persenti*, the failure to perform the promise will not reinstate the judgment.

A release must be under seal.

If a hundred dollars be paid in part consideration of a release, to be thereafter executed, of a judgment for a larger amount, and the contract for the release fall through, the one hundred dollars may, under certain circumstances, be applied as a credit on the judgment, which, upon the performance of other acts, was to have been released.

Appeal from the District Court of the Fourth Judicial District, State of Nevada, Washoe County, Hon. C. C. Goodwin presiding.

The facts of the case, so far as they are discovered by the record, are stated in the opinion of the Court.

*Wm. Webster* for Appellant.

A release, having all the force and effect of a deed could not be qualified, or have conditions attached thereunto by oral contract. It is not material whether plaintiff *knew* when he bought the land in controversy, that it was released from the judgment. The only material point to be considered was, had it in fact been released.

*Thomas Fitch* for Respondent.

There is no sufficient assignment of error, and no proper statement ·on appeal.

The release in this case was a general release of all claims, and not a specific release of the judgment under which the land was sold. No satisfaction or release of judgment was entered. Plaintiff bought with at least constructive notice, and occupied no better position than his vendor.

The consideration of the release was the payment of one hundred dollars, and an agreement to perform other acts. The release was to be conditional on performance of these acts. Davis having failed to perform the acts, which were in fact the consideration of the release, that release became void and inoperative.

Parol evidence of the consideration of the release and its non-fulfillment may be introduced. (6 Cal. 138 ; 12 Cal. 288 ; 13 Cal. 43 ; 15 Cal. 46 ; 8 Cal. 97 ; 12 Cal. 162 ; 13 Cal. 125, 131 ; 15 Cal. 271 ; *Travis* v. *Epstein et al.*, Supreme Court of Nevada.

Opinion by Justice BEATTY, Justice BROSNAN concurring.

The Chief Justice did not participate in the hearing or determination of this case.

The facts of this case are as follows : The defendant, Bowker, obtained a judgment against T. J. Davis and one Bedwin, in the month of February, 1864, for something over two hun-

dred dollars. There was at the same time some difficulty or controversy between the same parties about the possession of a tract of land. Soon after the judgment was obtained the parties met and had an adjustment of their difficulties. An arrangement appears to have been made by which Davis and Bedwin were to pay one hundred dollars, and surrender all claim to the disputed land, in full satisfaction of the judgment which had been obtained for a little over two hundred dollars. A written instrument was executed in regard to some part of this contract, and witnesses called to take notice of and remember other parts. The hundred dollars was paid; something was to be done thereafter in relation to the yielding up of the possession and claim to the land in dispute.

Shortly after this agreement J. T. Davis sold a piece of real estate which had been subject to the judgment lien in favor of Bowker to the present plaintiff, David Davis. J. T. Davis and Bedwin did not yield up the possession of the land as they had agreed to do in the presence of witnesses. Thereupon Bowker issued his execution, levied on the land which had been sold to David Davis, sold the same at Sheriff's sale, and himself became the purchaser. David Davis files his bill praying to have the sale set aside, the certificate of purchase surrendered, and the judgment in favor of Bowker released on the record. He claims this relief on the alleged ground that Bowker had released his judgment before the sale of T. J. Davis to himself. The Court refused the relief prayed for and plaintiff appeals. This is a very simple case; the plaintiff's title to the relief sought depends entirely on the fact of whether Bowker did release his judgment at the time alleged. If Bowker only agreed to release the judgment at some future time, and a part of the consideration which induced him to make that agreement was withheld, equity would not compel him to make the release. The utmost that equity could do, would be to apply the one hundred dollars which was paid by Davis and Bedwin to the judgment, and thereby reduce the judgment lien to that extent. But if there was an absolute release *in presenti*, that terminated the judgment lien on the real estate of defendants (Davis and Bedwin), and no future failure on their part to comply with their agreement about surrendering

a litigated claim to land could revive the judgment.    The case as it now stands, then, presents but one single proposition. Did Bowker execute a release to Davis and Bedwin ?    As the paper which was executed by Bowker when the settlement was made or agreed on in February, 1864, is not in the transcript, we cannot say whether it is or is not a release.    Indeed there is nothing in the transcript by which we can determine whether that paper is still in existence, whether it was produced on the trial, or its contents proved.

Among other questions propounded to the jury, and on which they were required to find, were the following :    3d.  " Did or did not the defendant, John S. Bowker, execute and deliver to Thomas J. Davis his certain written release on or about the 20th of February, 1864, and prior to the sale of the premises described in the complaint to plaintiff ?    4th. Did or did not the defendant, by his release in writing, agree to release Thos. J. Davis from further liability on the judgment on which execution issued and sale was made by the Sheriff of the premises described in the complaint of plaintiff, to wit : Lot 2, block 1, in Range F, in Washoe City ?"    Both of which were answered in the affirmative.    The answer to the third interrogatory would satisfy us that a release had been executed but for the expression *written release* being used, which rather indicates that the parties proposing this question supposed that an instrument in writing, but not under seal, might be a release.    Indeed, the complaint indicates the pleader thought the same thing when drafting the complaint.    The fourth interrogatory indicates a failure to discriminate between a release and an agreement to release at a future time.    It seems to have been a submission of the question to the jury of whether a release is an agreement to release.    The other questions submitted to the jury are all in regard to facts which are perfectly immaterial as the pleadings stand.    No portion of the evidence is in the transcript, and we are unable to determine what the decree should have been.    The opinion of the Court below is in writing, and contains this language :  " The facts are, briefly, that in February, 1864, defendant obtained a judgment against one Jeff. Davis ; that the same day defendant executed a release to the said Davis of all demands, of whatever nature.    The release

was in writing, but there was a verbal agreement also between the parties, made in the presence of witnesses, that the release was only to take effect upon the fulfilling of certain conditions on the part of Davis. Davis broke his agreement, and Bowker issued execution on his judgment and sold the house and lot in question." If the defendant did execute a release to T. J. Davis of all demands of whatever nature, it is certain that put an end to the judgment. There could be no subsequent valid sale under a judgment that was released. The verbal agreement spoken of by the Court could not be received in evidence to vary or explain the provisions of a release. If there was a release executed and delivered, then the case was erroneously decided. Supposing that the Judge below, when he says the defendant executed a release, means what he says, the case is reversed and sent back for further proceedings. But from the expression used that "the release was in writing," we have some doubt whether it was a release at all. To prevent further trouble in the trial of this case, we will say, that a release must be under seal, and no writing, not under seal, amounts to a release. If there was an absolute technical release, then the plaintiff would be entitled to the remedy he seeks. If the writing referred to by the Court and jury was not under seal, and shows that one hundred dollars was paid, and in consideration thereof Bowker agreed to release the judgment, which was for over two hundred, the Court cannot enforce that agreement, literally, but may, under proper circumstances and with proper pleadings have that one hundred dollars applied as a credit on the judgment lien, and allow the plaintiff in this case to redeem the land by paying the amount of the judgment and costs, less the one hundred dollars already paid by T. J. Davis and Bedwin.